NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TRAVIS ADAM SANTO, *Appellant.*

No. 1 CA-CR 15-0108
FILED 11-5-2015

Appeal from the Superior Court in Maricopa County
No.  CR2014-001426-001
The Honorable Charles Donofrio, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

---

**G O U L D**, Judge:

**¶1** Travis Adam Santo ("Defendant") appeals from his conviction and sentence for two counts of Aggravated Driving Under the Influence (DUI) pursuant to Arizona Revised Statues ("A.R.S.") sections 28-1381(A)(1) and (A)(2). Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

**¶2** Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1] Finding no reversible error, we affirm.

### Facts and Procedural History[2]

**¶3** During the early morning hours of August 12, 2012, an officer saw a car driving erratically on both the State Route 101 and the U.S. 60. The officer initiated a traffic stop, and the vehicle pulled over in a parking lot. Defendant, the driver of the vehicle, gave the officer his December 29, 2008 driver's license.

---

[1] Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2] We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶4 The officer noticed Defendant's eyes were bloodshot and watery, his face was flushed, and he exhibited slow and deliberate movements. When asked to get out of the car, Defendant lost his balance and fell against it. The officer also noticed a strong odor of alcohol coming from Defendant.

¶5 The officer performed a Horizontal Gaze Nystagmus ("HGN") test on Defendant at the scene. The officer observed six of six HGN cues, indicating Defendant was alcohol impaired. The officer arrested Defendant, checked the status of his driver's license, and learned that it had been suspended.

¶6 The officer then drove Defendant to a mobile DUI van where Defendant agreed to submit to breathalyzer and blood tests. Defendant's breath tests showed a BAC of .211 and .212; his blood test showed a BAC of .204.

¶7 A review of Defendant's MVD Records showed that he was issued two driver's licenses. The first license was issued on December 29, 2008, and the second was issued, after a change of address request, on August 20, 2011. Defendant did not surrender his December 29, 2008 driver's license when the MVD issued his August 20, 2011 license.

¶8 MVD records also showed that a written affidavit and suspension order was served to him on July 21, 2012, and submitted to the MVD with Defendant's driver's license attached to it. Defendant signed the affidavit/suspension order, thereby confirming personal service. The suspension order stated that the MVD had destroyed Defendant's driver's license, and that his suspension commenced on August 5, 2012.

¶9 At the conclusion of trial, the jury found Defendant guilty on both counts of Aggravated DUI.

¶10 Defendant was sentenced to serve concurrent, four month terms of imprisonment on each count with zero days' credit for time served as to each count. Upon release from prison, the court ordered Defendant to serve two concurrent, 18 month terms of probation.

¶11 Defendant filed a timely notice of appeal February 10, 2015.

**Discussion**

¶12 We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196

Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the findings of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence. Finding no error, Defendant's convictions and sentences are affirmed.

**¶13** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama